UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:01CR3034 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION UNDER |
| GERSON NUNGARAY-BELTRAN, | ) | 28 U.S.C. § 2255 |
| | ) | |
| Defendant. | ) | |

The defendant, Gerson Nungaray-Beltran, has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, (see filing 202), and a motion to supplement his initial § 2255 motion. (See filing 209). Liberally construing the allegations of his motion and supplemental motion, (Haines v. Kerner, 404 U.S. 519, 520-21 (1972)), the defendant claims he is entitled to sentencing relief due to his counsel's ineffective assistance at the trial court level and on appeal. Specifically, the defendant claims his counsel:

(1) Provided erroneous sentencing information prior to defendant's plea of guilty.

(2) Failed to appeal sentencing errors including:

  (a) application of a firearm enhancement under U.S.S.G. § 2D1.1(b)(1);

  (b) denial of "safety valve" sentencing relief under § 5C1.2; and

  (c) denial of a departure for the disparity of defendant's sentence compared to the sentence imposed on co-defendant Sebastian Silos.

(3) Filed an Anders brief which stated there were no arguable issues of merit to appeal.

(See filing 202, vii). His supplemental motion claims the court illegally enhanced his sentence in violation of Blakely v. Washington, 124 S.Ct. 2531 (2004). (See filing 209).

Upon review of the defendant's motion and the court's record, I conclude that the defendant's § 2255 motion should be denied.

## I.   BACKGROUND

On March 21, 2001, Nungaray-Beltran was charged in a one-count indictment with conspiring to distribute and possessing with intent to distribute five hundred grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and § 841(b)(1).  (See filing 1).  The defendant entered a plea of guilty on November 9, 2001.

Prior to the plea hearing, the defendant signed a plea agreement and completed and signed a petition to enter a plea of guilty.  The terms of the plea agreement were read to the defendant through an interpreter, and with the assistance of counsel, Nungaray-Beltran completed the petition to enter a plea of guilty.  (See filing 119, petition to enter plea of guilty, and filing 159, transcript of plea proceedings, 4-6).   The plea agreement advised the defendant that if he pleaded guilty, he could receive a sentence ranging from ten years to life in prison, and this sentence could be enhanced if his record included prior convictions or violations of supervised release.  (See filing 119, petition to enter plea of guilty).

At the plea hearing, I further advised the defendant of the sentencing guidelines applicable to his case.  The defendant acknowledged that he understood that in most cases a minimum of ten years and a maximum sentence of life in prison must be imposed for his crime, and that while a court may under some circumstances impose a lower or higher sentence, I could not assure Nungaray-Beltran that he would receive a lesser sentence.  (See filing 159, transcript of plea proceedings, 8-11).  The defendant admitted that other than the terms of the plea agreement, no promises or threats were made to induce him to plead guilty.  (See filing 159, transcript of plea proceedings, 11, 15-16).   He stated he understood he was charged with conspiring to distribute or possess with intent to distribute more than five hundred grams of methamphetamine, and that the amount of methamphetamine he was involved with could make a difference on the length of any sentence imposed.  (See filing 159, transcript of plea proceedings, 13-14).   Before Nungaray-Beltran entered his plea of guilty, the government presented the factual basis for the plea.  The government stated that at trial, it would present evidence that Nungaray-Beltran arranged for and attempted to deliver, and that he later actually delivered three pounds of methamphetamine for the purpose of selling it to a police informant.  Nungaray-

Beltran admitted that the circumstances described by the government occurred.  (See filing 159, transcript of plea proceedings, 18-20).

Before accepting the defendant's guilty plea, I concluded the defendant was competent to enter a plea, understood the charges against him and the possible sentencing consequences associated with his guilty plea, and understood he was entitled to a trial by jury.  I determined there was a factual basis for the government's charge, and the defendant's plea of guilty was voluntarily made.  I therefore accepted the defendant's plea of guilty.  (See filing 159, transcript of plea proceedings, 21-23).

The defendant was sentenced on February 26, 2002.  At the sentencing hearing, it was determined that Nungaray-Beltran's criminal history category was I, his offense level was 33, and his sentencing range under the guidelines was therefore 135 to 168 months.  (See filing 176, transcript of sentencing, 18).  In arriving at the offense level and corresponding sentencing range, I concluded that since both drug-packaging materials and guns were found in the defendant's residence and at his rental house, a two-point firearm sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) was appropriate. (See filing 176, transcript of sentencing, 12-16).  Safety-valve relief under U.S.S.G. § 5C1.2 was therefore not permitted under the sentencing guidelines.  (See filing 176, transcript of sentencing, 18).  Though defendant's counsel argued that a minimum sentence of 135 months was unjust in that co-defendant Silas received a base sentence of only 87 months, this claim was rejected because the alleged sentencing disparity did not justify departing from the guidelines, Nungaray-Beltran's case did not fall outside the heartland, and a discretionary downward departure in sentence was unwarranted.  (See filing 176, transcript of sentencing, 17-18).   However, defendant's objection to a sentencing enhancement under U.S.S.G. § 3B1.1(b) for defendant's alleged role as a manager or supervisor in the conspiracy was sustained.  (See filing 176, transcript of sentencing, 16-17).  The defendant was sentenced to 145 months imprisonment, five years of supervised release, and $100 in special assessments.  (See filing 176, transcript of sentencing, 20-21).

The defendant timely appealed his sentence.  His counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967).  The appellate court permitted the defendant to file a pro se supplemental appellate brief and conducted a review of the case under

Penson v. Ohio, 488 U.S. 75 (1988). (See filing 207, attachment 2, Eighth Circuit 8/14/02 docket entry). The defendant's pro se brief claimed: 1) the district court erred at sentencing by applying a firearm enhancement and in denying him safety-valve relief; 2) the government failed to prove whether the drugs underlying his offense were methamphetamine, and if so, the specific chemical form of that illegal drug; 3) methamphetamine was improperly re-classified from a Schedule III to a Schedule II controlled substance; and 4) his counsel was ineffective at sentencing. United States v. Nungaray-Beltran, 59 Fed. Appx. 909, 909, 2003 WL 943763, *1 (8th Cir. 2003)(unpublished). The case was submitted on defendant's pro se brief and his counsel's Anders brief without argument. (See filing 207, attachment 2, Eighth Circuit 2/28/03 docket entry).

    The Eighth Circuit affirmed the defendant's conviction and sentence. It held that the firearm enhancement was proper which, in turn, foreclosed defendant's request for safety-valve relief. It further concluded that the defendant had pleaded guilty to a charge involving 500 grams or more of "methamphetamine," and laboratory reports confirmed that methamphetamine was the drug in question. As to defendant's claim of ineffective assistance of counsel, the appellate court stated this issue was not properly before the court on direct appeal. Nungaray-Beltran, 59 Fed. Appx. at 909, 2003 WL 943763 at *1.

    Nungaray-Beltran's petition for writ of certiorari was denied on June 16, 2003. Nungaray-Beltran v. United States, 539 U.S. 935 (2003). His pending motion for relief under 28 U.S.C. § 2255, claiming ineffective assistance of counsel, was timely filed on March 15, 2004. (See filing 202).

## II.   STANDARD OF REVIEW

    A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255.

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). An evidentiary hearing need not be held if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also Kingsberry v. United States, 202 F.3d 1030, 1033 (8th Cir. 2001)(affirming denial of § 2255 motion without an evidentiary hearing where defendant claimed his counsel provided erroneous plea advice).

Nungaray-Beltran's § 2255 motion claims his counsel provided ineffective assistance on direct appeal by failing to raise valid appellate arguments related to his sentencing. He also claims his counsel misinformed him of the potential sentence that could arise from his guilty plea. A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of Strickland v. Washington, 466 U.S. 668 (1984). The defendant must demonstrate that counsel's performance was deficient, and that such deficient performance prejudiced his defense. Id. at 687; Bryson v. United States, 268 F.3d 560 (8th Cir. 2001); Williamson v. Jones, 936 F.2d 1000, 1004 (8th Cir. 1991). The first prong requires showing that defendant's attorney failed to provide reasonably effective assistance. Strickland, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The second prong requires the defendant to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; Hubbeling v. United States, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. United States v. Apfel, 97 F.3d at 1076 (quoting Cheek v. United States, 858 F.2d 1330, 1336 (8th Cir. 1988).

### III. ANALYSIS

Nungaray-Beltran's ineffective assistance claims arise from two separate stages of his litigation: 1) advice provided by counsel prior to and at the time of entering his guilty plea; and

2) assistance by counsel on direct appeal. As the following explains, upon review of the defendant's motion and the files and records of this case, I conclude the defendant has failed to present any showing of ineffective assistance of counsel sufficient to warrant § 2255 relief.

### A. Ineffective Assistance in Providing Plea Advice.

The defendant claims his counsel "promised that, in exchange for a guilty plea, he was to be sentenced at a level 32 with no gun enhancement or upward departure for leader/manager role." (See filing 202 at 9). He argues that this information was incorrect, and his counsel's failure to correctly inform him of the consequences of his guilty plea constitutes ineffective assistance of counsel.

At the sentencing hearing, defendant's counsel successfully argued that the leader/manager enhancement should not be applied in determining the defendant's sentence. The calculation of Nungaray-Beltran's sentence did not include a leader/manager enhancement under U.S.S.G. § 3B1.1©). Therefore, assuming defendant's counsel told the defendant prior to the plea hearing that such an enhancement would not be applied at sentencing, this statement was ultimately correct, and the defendant cannot claim he was provided erroneous advice on this issue.

Concerning the firearm enhancement, before entering his guilty plea, the defendant signed documents stating he understood his potential sentence range was ten years to life in prison. At the time of his plea hearing, I further advised the defendant of the applicable sentence range, confirmed that the defendant understood this sentence exposure, and told him it was impossible to know or predict what the actual sentence would be or whether it would be enhanced or lowered for any reason. Under such circumstances, his counsel's alleged failure to correctly inform Nungaray-Beltran of the proper sentencing range under the guidelines, or the possibility of a firearm enhancement, does not establish representation below the objective standard of reasonableness. Thomas v. United States, 27 F.3d 321, 326 (8th Cir. 1994) (where court informed the defendant of the potential sentencing range, defendant had no valid ineffective assistance claim arising from counsel's alleged failure to warn of a possible career offender enhancement).

Moreover, the defendant has not and cannot prove prejudice arising from allegedly being told a firearm enhancement would not be applied. Nungaray-Beltran has failed to show that his counsel's erroneous advice was a substantial part of his decision to plead guilty. He has presented no evidence or argument that had he been aware of a potential firearm enhancement, he would have pleaded not guilty and stood trial. Nungaray-Beltran has failed to present evidence or a plausible argument that had his conviction been based on a jury trial rather than a guilty plea, the sentence calculation would not have included a firearm enhancement. The sentence imposed was in the lower portion of this guideline range discussed at the defendant's plea hearing. Under such facts, Nungaray-Beltran has failed to show a reasonable probability that, but for his counsel's alleged misinformation regarding a potential firearm enhancement under the sentencing guidelines, the result of his sentencing would have been different. Hill v. Lockhart, 474 U.S. 52, 60 (1985); Matthews v. United States, 114 F. 3d 112 (8th Cir. 1997)(defendant was not prejudiced by trial counsel's advice concerning potential sentence that might result from his guilty plea where trial judge clearly explained potential maximum sentence to defendant at plea proceeding) He has therefore failed to show any prejudice arising from his counsel's allegedly erroneous plea advice.

### B. Ineffective Assistance on Appeal.

The defendant claims his counsel provided ineffective assistance failing to appeal issues related to errors in applying the sentencing guidelines, and by failing to raise "'any' arguable issues" of merit. (See filing 202 at 10). Although sentencing guideline misapplication claims are generally considered nonconstitutional and nonjurisdictional claims which must be raised on direct appeal, these claims may be raised in a § 2255 motion attacking the sentence if the attorney's failure to make the argument at sentencing or on direct appeal is asserted as an independent stand-alone ineffective assistance of counsel claim, if the sentence imposed exceeds the maximum authorized by statute, or if it is manifestly unjust. United States v. Perales, 212 F.3d 1110, 1111 (8th Cir. 2001); Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995). The defendant's sentence of 145 months imprisonment is not manifestly unjust and is within the statutory sentencing range applicable to this case. See 21 U.S.C. § 841(b)(1)(A)(viii). Therefore,

the defendant's § 2255 claim for sentencing relief must be based on a claim of ineffective assistance of counsel.

1.  Firearm Enhancement/Denial of "Safety Valve."

Nungaray-Beltran claims his counsel provided constitutionally deficient representation by failing to appeal the imposition of a firearms sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) and the denial of "safety valve" sentencing relief under U.S.S.G § 5C1.2. Both issues were raised and addressed on defendant's direct appeal. The Eighth Circuit held the "firearm enhancement was proper, as firearms were found with drug-packaging materials both at Nungaray-Beltran's residence and at his rental house." Nungaray-Beltran, 59 Fed. Appx. at 909, 2003 WL 943763 at *1. It therefore concluded defendant's claim for "safety-valve relief was preempted." Id.

A claim raised and decided on direct appeal cannot be relitigated through a § 2255 motion. Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003); United States v. Wiley, 245 F.3d 750 (8th Cir. 2001); Dall v. United States, 957 F.2d 571, 573 (8th Cir. 1992); United States v. Holtzen, 718 F.2d 876, 878 (8th Cir. 1983). Since the defendant's firearm enhancement and "safety valve" sentencing claims were raised by the defendant himself, and were decided on direct appeal, he cannot claim he was prejudiced by his counsel's failure to appeal these claims. Moreover, he is not entitled to relitigate these issues through a § 2255 motion.

2.  Denial of Departure for Sentence Disparity.

The defendant claims his counsel provided ineffective assistance by failing to appeal the disparity of his sentence compared to that of co-defendant Silas. This issue was not raised on direct appeal by either the defendant's counsel or the defendant pro se. A section 2255 motion is not a substitute for directly appealing nonconstitutional and nonjurisdictional claims of sentencing error. See Matthews, 114 F. 3d at 113; Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Having been provided the opportunity, but nevertheless failing to raise the sentence disparity issue in his pro se appellate brief, the defendant has failed to show that any objective factor external to the defense prevented him from raising this defaulted claim. Murray v. Carrier, 477 U.S. 478, 488 (1986).

Even if the procedural default standards are not applied "with full rigor" to defendant's pro se submission on direct appeal, (see Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987), Nungaray-Beltran's claim of sentence disparity is not a basis for relief under § 2255. Assuming the defendant could demonstrate that co-defendant Silas was similarly situated or even more culpable than the defendant, yet he received a shorter sentence for his role in the defendants' distribution of methamphetamine, "disparity between sentences imposed on codefendants is not a proper basis for departure" from the applicable guideline sentencing range. United States v. Banks, 340 F.3d 683, 685 (8th Cir 2003)(quoting United States v. Carrasco, 271 F.3d 765, 768 (8th Cir. 2001)).  See also United States v. Wong, 127 F.3d 725, 728 (8th Cir. 1997)(quoting United States v. Polanco, 53 F.3d 893, 897 (8th Cir. 1995));  United States v. Reeves, 83 F.3d 203, 207 (8th Cir. 1996); United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992); United States v. Jackson, 959 F.2d 81 (8th Cir. 1992); Castaldi v. United States, 783 F.2d 119, 125 (8th Cir. 1986).  "A defendant cannot rely upon his co-defendant's sentence as a yardstick for his own."  Granados, 962 F.2d at 774.   Although one of the congressional goals in enacting the sentencing guidelines was promoting proportional and uniform sentences, some disparity will inevitably exist because each defendant's case raises unique facts.  Therefore, disparate sentences are not a justification for granting a downward departure from the guidelines. Wong, 127 F.3d at 728.

The denial of a downward departure is unreviewable unless the court incorrectly believed it had no authority to depart from the guidelines.  United States v. Chapman, 356 F.3d 843, 847 (8th Cir. 2004).  In sentencing the defendant, I was aware of the authority to grant a downward departure, but concluded defendant's case was within the heartland of cases contemplated by the sentencing guidelines.  I further concluded defendant's claim of sentence disparity did not justify a downward departure from the sentencing guidelines, a finding fully supported by the longstanding Eighth Circuit law cited above.  Under such circumstances, the defendant cannot prove that had either he or his counsel appealed the sentence disparity issue, a departure would have been granted and his sentence reduced.  Nungaray-Beltran has failed to show any prejudice arising from his counsel's failure to appeal the denial of a departure based on sentence disparity. He has therefore failed to assert an arguably meritorious § 2255 claim for relief on this issue.

3. Failure to appeal "any" arguable issue of merit.

Nungaray-Beltran's claims ineffective assistance of counsel in that his attorney filed an Anders brief and failed to appeal any arguable issues of merit. Counsel's Anders brief stated that "any further proceedings on behalf of the Defendant would be wholly frivolous and without arguable merit." (See filing 202, Ex. E at p. 4). The Eighth Circuit reviewed the record under Penson, and without ordering supplemental briefing or appointing new appellate counsel for the defendant, affirmed defendant's conviction and sentence.

The defendant has not specified what potentially meritorious issues should have been appealed by his attorney. A § 2255 claim raising conclusory allegations unsupported by specifics or based on allegations that, in the face of the record, are not credible, is subject to summary dismissal without an evidentiary hearing. Blackledge v. Allison, 431 U.S. 63, 74 (1977). See also, Bryson, 268 F.3d at 560 (denying ineffective assistance of counsel claims that were "brief, conclusory and fail[ed] to cite to the record"); United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995) (movant's allegations of attorney coercion too vague and conclusory to warrant evidentiary hearing); Voytik v. U.S., 778 F.2d 1306, 1308 (1985) (vague allegations of impropriety and coercion to induce a guilty plea, including the promise of a shorter sentence, were insufficient especially in light of defendant's statements at the plea hearing). The defendant's claim that his counsel provided ineffective assistance by failing to appeal "any" arguable issue is conclusory and presents no potential claim for relief under 28 U.S.C. § 2255.

### C. Violation of Blakely/Booker.

The defendant's supplemental § 2255 motion raises a claim for relief under Blakely v. Washington, 124 S.Ct. 2531 (2004). The defendant's sentence included a two-level sentencing enhancement for possession or use of firearm during the commission of a drug offense.[1] This sentence enhancement was based on factual findings made by the court during the sentencing

---

[1] At sentencing, the defendant objected to the proposed three-point enhancement under U.S.S.G. § 3B1.1(b) for defendant's alleged role as a manager or supervisor in the conspiracy. That objection was sustained, and this enhancement was not considered in determining the defendant's sentence. (See filing 176, transcript of sentencing, 16-17).

hearing. (See filing 176, transcript of sentencing, 13-16). The defendant claims his sentence must be vacated because, in violation of Blakely, a jury did not determine the facts essential to firearm enhancement of his sentence.

Relying its reasoning in Apprendi v. New Jersey, 530 U.S. 466 (2000), the Court in Blakely held that imposing a sentence enhancement above the State of Washington's Sentencing Reform Act's range based solely on the factual findings by the sentencing judge violated the defendant's Sixth Amendment rights. After the defendant filed his supplemental § 2255 motion, the Supreme Court, in United States v. Booker, 125 S.Ct. 738, 756 (2005), addressed the constitutionality of the federal sentencing guidelines. Booker relied on both Apprendi and Blakely and held that the mandatory application of the federal sentencing guidelines violates the Sixth Amendment where sentences are enhanced based upon factual findings neither admitted by the defendant nor found by a jury to be true beyond a reasonable doubt.

The question presented by the defendant's supplemental § 2255 motion is whether Blakely and Booker decisions are applicable to this defendant's motion to vacate his sentence. Determining whether a constitutional rule for criminal cases applies to a case on collateral review involves a three-step process. Beard v. Banks, 124 S.Ct. 2504, 2510 (2004). The court must first determine when the defendant's conviction became final. It must then ascertain the legal landscape that existed at that time the conviction became final and determine whether the Constitution, as interpreted by the precedent then existing, compelled the result the defendant is raising or whether a "new rule" has been adopted. If the rule is new, the court must determine whether it should be retroactively applied. Banks, 124 S.Ct.at 2510. New constitutional rules of criminal procedure are generally not applied retroactively to cases on collateral review. Teague v. Lane, 489 U.S. 288, 310 (1989).

Federal convictions are final when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. Clay v. United States, 537 U.S. 522, 527 (2003). See also Banks, 124 S.Ct.at 2510. In this case, the defendant's conviction and sentence were affirmed by the Eighth Circuit on March 11, 2003, (United States v. Nungaray-Beltran, 59 Fed. Appx. 909, 909, 2003 WL 943763, *1 (8th Cir. 2003)(unpublished)), and his petition for writ of certiorari was denied by the

Supreme Court on June 16, 2003.  Nungaray-Beltran v. United States, 539 U.S. 935 (2003). Therefore, the defendant's conviction was final before the Supreme Court issued the Blakely opinion in 2004 and the Booker opinion in 2005.

Prior to the Court's Blakely and Booker decisions, a sentencing judge could enhance a sentence based on facts not admitted by the defendant or found by the jury, so long as the enhancement did not increase the defendant's sentence beyond the prescribed statutory maximum. Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); United States v. Miller, 295 F.3d 824, 827 (8th Cir. 2002))("Apprendi applies only if the defendant is sentenced beyond the statutory maximum.").  Before Blakely, "every federal court of appeals had held that Apprendi did not apply to guideline calculations made within the statutory maximum." Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004)(collecting cases).  Booker held that the federal sentencing guidelines mandatory scheme which provides for sentence enhancements based on facts found by the court violated the Sixth Amendment, and it remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory.

Although based on Apprendi, Blakely and Booker created new rules for criminal sentencing, the decisions broke "new ground" by announcing rules that were not "dictated by precedent existing at the time the defendant's conviction became final."[2] Teague, 489 U.S. at 301.  Precedent "dictates" the result in a subsequent case where that result would be "'apparent to all reasonable jurists.' " Banks, 124 S.Ct. at 2511 (quoting Lambrix v. Singletary, 520 U.S. 518, 528 (1997)).  Many reasonable jurists have agreed that the result in Booker and Blakely was not dictated by Apprendi.  See Guzman v. United States, 404 F.3d 139, 142 (2d Cir. 2005)(Booker "was not dictated by Apprendi or, for that matter, the Court's later decision in Blakely. . ."); Lloyd v. United States, 407 F.3d 608, 613 (3d Cir. 2005)(the Booker rule is a new rule of criminal procedure for purposes of Teague); Humphress v. United States, 398 F.3d 855, 861 (6th Cir. 2005)(the Booker rule "was not dictated by precedent"); United States v. Price, 400 F.3d

---

[2]Since the defendant's conviction was final before either Blakely or Booker was decided, I need not decide whether Blakely or Booker, or both created new rules.

844, 848-49 (10th Cir. 2005)(while Blakely interpreted Apprendi, it was not compelled by Apprendi).

Generally, a new constitutional rule will not be retroactively applied to criminal cases which have become final before the new rule is announced.. Teague, 489 U.S. at 290. However, Teague's bar on retroactive application of new rules has two exceptions. The first exception addresses "substantive rules." New substantive rules are generally applied retroactively and include "decisions that narrow the scope of a criminal statute by interpreting its terms," and "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish. . . ." Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004)(citing Bousley v. United States, 523 U.S. 614, 620-621 (1998); Saffle v. Parks, 494 U.S. 484, 494- 495 (1990); Teague, 489 U.S. at 311. Substantive rules are retroactively applied because they pose a significant risk that a defendant has been convicted of conduct that the law does not make criminal or faces a punishment that the law cannot impose. Id. This exception does not apply to this defendant's case.

The second exception addresses "procedural rules." Procedural rules "merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Schriro, 124 S.Ct. at 2523. "'[W]atershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding" may be retroactively applied; all other new procedural rules are not applied retroactively. Schriro, 124 S.Ct. at 2523 (quoting Saffle, 494 U.S. at 495)(quoting Teague, 489 U.S. at 311)).

The analysis in Schriro addressed whether the Supreme Court's decision in Ring v. Arizona,536 U.S. 584, 603- 609 (2002) announced a new procedural or substantive rule in the context of a Sixth Amendment challenge to a defendant's sentencing. Applying Apprendi, Ring held that the Sixth Amendment requires a jury determination of any aggravating circumstance necessary for the imposing the death penalty and a sentencing judge, sitting without a jury, may not make such findings. Schriro held that the Ring decision was properly classified as procedural because it "rested entirely on the Sixth Amendment's jury-trial guarantee, a provision that has nothing to do with the range of conduct a State may criminalize,"and served the procedural function of "allocat[ing] decisionmaking authority." Schriro, 124 S.Ct. at 2523. Ring was

-13-

therefore a new constitutional rule which was not retroactively applicable to cases on collateral review.

Similar to the constitutional rule announced in Ring, the constitutional rule announced in Booker and Blakely is based on the Sixth Amendment right to a jury trial, allocates decisionmaking authority at sentencing, and is a "prototypical procedural rule." Schriro, 124 S.Ct.at 2523.  Based on Schriro, and the reasoning of every circuit court that has addressed the issue to date, (see Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005)), I conclude that Blakely and Booker announce new rules that cannot be retroactively applied to this defendant's § 2255 motion. "Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005."  McReynolds, 397 F.3d at 481.

I therefore conclude that the defendant's supplemental motion for § 2255 relief under Blakely must be denied.

**IT IS ORDERED**:

1.  Defendant's motion to supplement his initial § 2255 motion, (filing 209), is granted.  The issues raised in the filing 209 supplemental motion have been considered and addressed herein.

2.  The defendant's  "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" (filing 202), and the defendant's supplemental motion, (filing 209), are denied.

Dated June 13, 2005.

> BY THE COURT
>
>
> s/ Warren K. Urbom
> United States Senior District Judge